**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bonda, | No. CV-22-00227-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Eugene Martinez, Jr., et al., | |
| Defendants. | |

On March 7, 2023, Plaintiff filed an Application for Entry of Default Against Defendant Michael Eugene Martinez, Jr. (Doc. 27.) On April 25, 2023, the Clerk entered default against Defendant Martinez pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 28.) To date, Plaintiff has not taken any further action in this case.

A plaintiff has the general duty to prosecute this case. *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). The Court has the power to dismiss an action for failure to prosecute, either under Rule 41(b) of the Federal Rules of Civil Procedure, Local Rule 41.1, or pursuant to its inherent authority. *See* Fed. R. Civ. P. 41(b) (action may be dismissed if plaintiff fails to prosecute); LRCiv 41.1 ("cases which have had neither proceedings nor pleadings, notices, or other documents filed for six (6) or more months may be dismissed by the Court for want of prosecution"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,'

governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("A court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b) and under its local rule . . . and even in the absence of such rules."). In determining whether to dismiss a case for lack of prosecution, the Court must weigh five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Accordingly,

**IT IS ORDERED** that within **thirty (30) days** of the date this Order is filed, Plaintiff shall show cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and LRCiv 41.1.

Dated this 17th day of November, 2023.

Honorable Rosemary Márquez
United States District Judge